The next and the last case on our oral argument docket is People v. Brown. You already had yours in hand? Your cup. I took the last one. Your Honor, I am Assistant Defender Levi Harris, and I'm here on behalf of my client, the appellant, Jeremy Brown. As an initial matter, I want to point out that there's no problem that we're alleging with this, but Justice Goldenhush, you were the author of the previous opinion that we're going to be spending quite a bit of time talking about, so I just wanted to put that on the record. This is a second-stage post-conviction petition appeal. All well-pleaded facts at this stage have to be taken as true. My client, Mr. Brown, has made a substantial showing of a constitutional violation in that the prosecutor of his first appeal was a clerk for a justice who decided his second appeal. That was not disclosed. There were no actions that were taken up front to sort of obviate any appearance of impropriety. So that a constitutional appearance of impropriety arose, and this court must either vacate its earlier decision and allow a new appeal or reinstatement of the appeal, if you will, or send back for further proceedings if the court thinks it's appropriate. I want to talk about four main points. First, this court and all courts in Illinois have a duty by Supreme Court rule and by Constitution to police themselves and to avoid both actual and apparent bias. Second, the State concedes the majority of our points, I think. Third, the matter is plain error and is not a waste of your time. And fourth, the Post-Conviction Act was an appropriate vehicle to bring this claim. Well, I understand your points, and you've articulated them well in your brief. In light of the Philip Morris case, are you able to use the Post-Conviction Act to bring this, or are you precluded from that by the terms of the Philip Morris case because you're bringing a post-conviction action in a circuit court attacking a structural, a web-structural defect in a reviewing court? And according to Philip Morris, are you precluded from doing that and rather have to file in the reviewing court a motion to recall the mandate for the reasons you've alleged? Well, Your Honor, I think we addressed this in our brief a couple of different ways. The first way, I would say, is no, we're not precluded. The Post-Conviction Hearing Act was meant to sweep all these old writs under one umbrella and say, this is the way that you bring a constitutional challenge most of the time to your conviction. So that court was the appropriate place to bring this. The guy's got a constitutional violation he's alleging. There has to be a remedy. This is the place he goes to. That's the presumptive place that you bring a constitutional violation. You start in the circuit court. The second argument we said is if there were a more appropriate vehicle that he should have used, that this claim should not just be denied. I think we've made the point that a motion to withdraw the mandate or recall the mandate would be vastly untimely. So there would be a timeliness problem with it. By the time that this claim even arose in his mind, I think, or at least not by the time, but by the time it was properly able to be fleshed out and litigated. Certainly at this point that would have passed. But also, I think we point out that in the Philip Morris case, what the court said was that on the record they had before him there, they did not recast the matter as a different kind of petition. They said specifically they wouldn't do it sua sponte. Correct. Now, in Shellstrom, they basically said that at a certain stage the trial court can recast a motion. However, they have to give notice to all parties. So are we precluded from recasting this? Your Honor, I certainly don't think so. We wouldn't argue with the lack of notice to the party. And I think since the state has briefed it, I don't think that it would be caught too flat footed with such a result either. I think that the language that we have from that Lawson or Lowry case, it's some ill word, but that basically what we have is a constitutional system. There are constitutional rights and constitutional violations. We're talking about a violation here that's not just an Illinois violation. It's a federal constitutional violation that comes from an appearance of impropriety in a conflict like this. And if you have a federal violation and there's no statutorily prescribed remedy or correct remedy, then courts have to come up with one. Well, it doesn't Philip Morris basically say you do have remedy. You file a petition to recall the mandate in the reviewing court where the structural defect is alleged to have occurred. It's not like the regular run of the mill post-eviction petitions where if they say anything about the appellate court, they basically say my lawyer missed certain allegations that should have been brought forward and argued in the appellate court. So, I mean, don't you have remedy? I think, Your Honor, at this point due to timeliness, we would not. And so I think we made the point in the briefs that what we would essentially be saying to my client, or I wouldn't be saying it, I would be delivering your bad news to him. But would be, look, you said all the right things. You've got a good point. You said it the wrong way and the ship has sailed. The time has passed. You should have filed a motion with recall the mandate instead of a petition for post-conviction relief. You're out of luck. I don't think that's the appropriate thing to do unless I suppose this court could lay the timeliness requirement which would address that problem. But particularly when what we're talking about is, respectfully, the court's own conduct that gave rise to this and then the court's failure to disclose, which really the failure to disclose was part of the conduct we're talking about. Part of the reason why my client would be at a disadvantage of not having time to research this or having time to file the appropriate motions or whatever is because this wasn't disclosed until after his appeal had been fully briefed. It had been argued. It had been decided. I don't know how somebody in Chicago used to work with Mr. Baker. I don't know how he even discovered this in time to raise it when he did, which was two days after this court denied petition for re-hearing. So I think particularly when we're talking about this court's conduct, it would be perverse to say, well, okay, we know you're talking about something we did and we maybe not actively but passively hid this from you, but you should have done it this way and since you didn't do it in this amount of time, again, you're out of luck. Is there anything in the record reflecting that this court or any of the members or any of the parties appearing in front of it knew of this alleged conflict at the time? No, Your Honor, and I don't think there has to be. And I think the State does a very forceful job of saying, well, look, if Mr. Marshall actively participated in this case, then of course, I don't think this is of course, but maybe there would be a point. No, I mean, is there anything in the record reflecting whether anyone knew about this or? To that, no, there is not. And my corollary or my follow-up would be, and there does not need to be. I think that the question, we don't need to prove an actual bias. We don't need to prove that somebody knew about this. We don't need to prove that Mr. Marshall even remembered it. What we have to ask is whether a reasonable member of the public, a layperson, fully informed of the facts that, okay, this guy was the prosecutor on the first appeal. Now he's working for one of three judges who are going to decide the second appeal. Would they look at that and have a reasonable question of impropriety? And I think the answer is yes. You always know how your courts work. You know how chambers work. I'm a step or two removed from that. I don't necessarily know how all of that works, but I guarantee you somebody sitting at Hardee's, if you put this to them and said, okay, here's the prosecutor. Now he's working for one of the judges. They don't tell anybody. How does that look? It looks bad. And that's what the Supreme Court rules are meant to prevent, is bringing the judiciary into even a cloud of disrepute to avoid that appearance of impropriety. Well, I'm about to run to the end of my thing here. The allegation, though, is still a constitutional allegation, whether it occurred in this court or any other court. Correct. Is that a question or just a statement? No, I'm just saying that I'm considering what Justice Obernrush was talking about with Philip Morris, and your argument, if I understand it correctly, is the Post-Conviction Act is to raise constitutional claims. In fact, at the first stage we talked about the gist of the constitutional claim. So that's your position as to why we can do this through the Post-Conviction Act proceeding. Right, Your Honor. So to the extent that, okay, maybe the PC Act wasn't the best way to bring this, I don't think it's a jurisdictional question where the trial court said, well, I can't do anything with that. I think the trial court could do what it did here to think it found, incorrectly in our view, that this was not a substantial showing of a constitutional violation. This court gives it here. I don't think there are jurisdictional grounds to say, well, we can't address that here. I think if this court is to say, hey, it should have been brought under this or it could be restyled as this, but there is an underlying claim here that this man had standing to bring, and we have the power under Rule 366, all these different powers the appellate court has, to issue any judgment that should have been entered before. And I don't know who worked for who, but are you saying that any members of this particular panel have a conflict? No, Your Honor. Your Honor, I think under the Williams decision from the U.S. Supreme Court, in that case the Chief Justice of the Pennsylvania Supreme Court had been the prosecutor who signed off on seeking the death penalty of the litigant in question. The Supreme Court sent that back, said he had to recuse himself, but obviously you're not going to go out to the public and pull in another entire Supreme Court. His participation, because he was conflicted that there was the appearance of a conflict, spoiled the whole decision, because you don't know what they're talking about, or hey, you know, I remember this case. You don't know what happened. But that doesn't disqualify Justice Goldenherz, for instance, from sitting on this case, because that's just what the law says. That's exactly what I was asking. That is what you were asking? Yes. Well, I'll be back. Justice Goldenherz. Okay. I'll be back. Thank you. I'll be back. Counsel. Good afternoon, Your Honors. May it please the Court. Mr. Harris. This is Patrick Daly on behalf of the State. Justice Kate, so you're correct in the sense that this raises a constitutional issue, obviously a conflict of interest. I want to start with that premise because I think that before we even get into issues about Philip Morrison and its applicability to this set of circumstances, we have to decide, and this Court has to decide, whether this is an issue that is even justiciable under the Post-Conviction Hearing Act. So the first argument to be raised is that it is not. Now, the Post-Conviction Hearing Act was an act or a creation of legislative fiat, which is why the Strickland Standard doesn't apply for claims of an effective assistance of counsel. There in the case, it is a body of procedural mechanisms which were designed by the legislature to afford the defendants the opportunity to pursue collateral relief. Defendants, according to the Supreme Court, do not have a right to collateral relief, but it's encouraged that the states be given them the opportunity to do so. That's what the legislature did here. Now, when we talk about a statutory mechanism in which a defendant can seek collateral relief, the statute's procedural prescriptions, if you will, are very important, as is the plain language of the statute in its applicability to the set of circumstances here. Now, as I understand the defendant's argument, his claim is that his due process rights were violated when a member of one of the judges decided in his second appeal that a law clerk who had prosecuted the first appeal in the appellate prosecutor's office, all of which we concede, and that, well, we concede that he was one of Justice Wexler's clerks, and not anything beyond that particular factual essence, okay, and that Justice Wexler was one of three judges who unanimously affirmed the defendant's conviction after his second appeal. So the beginning and the end of the constitutional violation or the alleged constitutional violation is within the chambers of the appellate court. Okay, nothing happened prior to that which would have triggered some constitutional inquiry. The Post-Conviction Hearing Act states specifically, any person imprisoned in penitentiary may institute a proceeding under this article. That person asserts that in the proceedings which resulted in his or her conviction, there is a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both. The plain language of the statute couldn't be clearer. A substantial denial of his rights in the proceedings which resulted in his conviction. Can an appeal be a part of that? No. An appeal is, well, first of all, you couldn't take two parts. Is there a case on that? Well, I'm going to go by statutory language here, Your Honor. No, but answer my question first. Is there a case that says an appeal is not part of the proceedings? There is, and I could not find a case that said that specifically, Your Honor. No, no. Because, really, it's always subject to reversal. Well, I guess. Or vacating unless you get up to. But is this a proceeding that results in a conviction? Or is this a proceeding that reviews the conviction? That's a big distinction. The definition of conviction, as I've defined it in my brief, is a judgment of conviction or sentence, and I believe this is statutory. Judgment of conviction or sentence entered upon a plea of guilty or upon verdict or finding of guilty of an offense rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury. It couldn't be clearer than that. A conviction is a result of a trial process that results in a conviction. Then you appeal. You appeal the conviction. Now we're not resulting in a conviction. We're reviewing the propriety of that conviction that's already been entered. So the proceedings under the Post-Conviction Hearing Act are geared specifically, linguistically, toward proceedings that precede anything that happens in this court. That's not what it says. It says results in conviction. Correct. You've made a very interesting argument about it linguistically. Well, I'm taking a very little interpretation of result. If we think about, if we tone it down to the definition of a conviction, as I've just stated to the court, then we couple that with the word result. The only logical interpretation, at least from my perspective, is that these are the proceedings which involve anything and everything up to the time that the conviction is entered. Now, when you look at the rest of the Post-Conviction Hearing Act, Your Honors, you'll see that its timing mechanisms are related to either from the time an appeal is concluded or if there's no appeal when a conviction is entered. So the conviction is important from that standpoint. It also requires that the petition be filed in the court in which the conviction was entered. The conviction was not entered in the appellate court, obviously. The post-conviction petitions are filed in the circuit court where the conviction occurred. Did you do any research to see if there was any such case where the PC was applied to a review court? I looked and I looked and I couldn't find it. And you couldn't find it? No. No. And I think a lot of that may actually tie into what I'm going to argue in the Philip Morris aspect of the argument, so I'll just proceed to that right now. Go ahead. Our position is essentially this. So there are, when we get to whether, really the fundamental issue is whether this court, excuse me, whether the trial court has the authority to order this court to vacate an earlier decision based upon- Are they, in effect, ordering us to vacate or are they making a finding that we can consider as to whether, based on that finding, we should vacate our decision? Well, I'm not sure how that particular finding would fall within the parameters of the Post-Conviction Hearing Act. I mean, you're essentially- Well, but they're alleging a structural defect, constitutionally impaired structural defects. Wouldn't that come under the general scope of the Post-Conviction Act? Well, as I'm interpreting what you're saying, Justice Goldenberg, is that the trial court, while it may not have the power to order a higher court to reverse itself or to vacate an earlier decision, that it could suggest that that might be the appropriate remedy. Right. But that doesn't make sense because under the Post-Conviction Hearing Act, the powers of the court are essentially to modify or to do something to the judgment itself. Okay? And it doesn't make sense that there's nothing in the Post-Conviction Hearing Act in the language or in the case that I've read which gives a trial court the power or any sort of authority to issue advisory opinions to a higher court about what to do. And if it did, we're just sort of going around in circles to what Phil Morris says, is that your revenue is to go to the appellate court and ask that the mandate be recalled. So what does a trial court's finding have of any import to what we're talking about here today? That really brings up, let me ask you the flip side of what I asked your opposing counsel. Sure. Given the finding, and no question that the trial court does not have the power to tell us to vacate our decision, and looking at Phil Morris where they said we're not going to recharacterize this sua sponte, but did not say that it could not be recharacterized sua sponte, why can't we sort of follow that and follow Shellstrom and say, in effect, this post-conviction finding necessitates considering this as a motion to vacate our decision by recalling the mandate and following Shellstrom give you and defendant notice of that, ask for supplemental briefing, and consider it on that basis? It's an interesting question, Your Honor, and I don't know if I read Phil Morris quite exactly in those same terms in the sense of whether the trial court could authorize the reviewing court to do that by way of the procedure. I don't think the trial court can affect that in one way or the other, but looking at how the Supreme Court handled Phil Morris. Well, you know, the Shellstrom process, if you will, clearly dealt with the lower court procedure and lower court application of how a court treats petitions or filings that are plead out that are not specifically alleged to be post-conviction petitions, specific procedures that are involved for the lower court process to give notice to the defendant that there's going to be a recharacterization. So I'm not certain that that necessarily applies the same way here, because it sort of assumes at the outset that this court can act as essentially a court of original jurisdiction to hear this outside of the specific request to have the mandate recalled. I don't think that there is a timing mechanism for filing a motion to recall the mandate, because I think as the defendant actually accurately points out, you don't always know at any particular point when the facts arise that might prompt the motion to recall the mandate. So you think it could be filed today? Well, I think it could be if it hasn't already been. If you look at the procedural history of this case, the defendant did file pleadings in this court alleging exactly what we're here talking about today. This court denied it. The defendant took a motion for supervisory order to the Supreme Court that would raise the same allegations that he's making today. The Supreme Court denied it. It's not raised to be filed, so I don't agree with the trial court below. These are not judgments, if you will. These are simply orders on motions. But nonetheless, there is that procedural history that I do kind of point out in the case to kind of look at sort of the backdrop of where we're at. But if I could just finish this thought. I'm not arguing necessarily the defendant was precluded in this, but I do think that it is important to point out that it's not the first time this has been before this court. And that was at a time when two of the three original judges were still with us on the appellate court at that point when the case was decided. Does the court have any further questions? I don't think so. Thank you. Counsel. Counsel. Your Honor, I kind of get a kick out of the question that you just asked Mr. Daley about, well, could we just sua sponte say, hey, we're going to restyle this as a motion to recall the mandate. And he said, well, wait a minute. You know, because it seems like that's what he was implying would be the state's preferred remedy in the brief. So I just wanted to point that out. I found it amusing. And I think that really, whether we do it now or whether we bring it back, it seems like there's no point in delaying it. If the court has the authority to sua sponte do that and if it wants to do that on its own. No, I think we have the authority to do that sua sponte. Do I think? Yes. Yes. Yeah, absolutely. But based on what, I mean, there wouldn't be a formal petition before us. There wouldn't be, I mean, it's, I think structurally it's a little difficult. Well, let me sort of flip that on its head and ask, what would it look, I mean, your Honor's had probably more briefing here, more factual basis. You're not, we'd need some kind of petition of some kind, wouldn't we? Your Honor, I don't think so. I think that you have more here probably than would ever appear in a petition to recall the mandate. I don't know how many of those your Honor's get. I've never filed one. But, gosh, I would think that this would be a much more fulsome opportunity to flesh out a claim. Well, I don't, I mean, I don't disagree with you on the briefing, but the briefing can always be adopted into the petition. So I'm just thinking structurally if we did that, how that would work. Well, your Honor, I don't know the answer to that other than to say that it would certainly be better than affirming the trial court and that being the judgment. If your Honor said, look, this isn't the appropriate vehicle, go back to your office and draft us a motion to recall the mandate. I want to talk briefly about a couple of other things. We disagree with counsel that the Post-Conviction Hearing Act does not address or pertain to what these proceedings. Your Honor, I think you got at this. In 122.1c, it says in considering a petition pursuant to this section, the court may examine the court file of the proceedings in which the petitioner was convicted and any action taken by an appellate court in such proceeding. It's my understanding that this is all part of the same, well, this isn't because this arises on a collateral matter, but that the direct appeal was part of the same proceeding that produced the conviction. Your Honor, I don't think counsel even necessarily brought this up, but in briefing much was made of the fact that while this claim is speculative, we have no way of knowing what Mr. Marshall did or what was going on in his mind or Justice Waxman's mind. And our response to that would be that the reason that this is speculative at this point, it's not really speculative because we're not speculating that there was an actual conflict. We're not speculating that anything nefarious took place in chambers. What we're saying is that there's the appearance of it. And the reason that we don't know more about that appearance one way or another is because, again, either passively or actively, this court did not disclose that. And that would be the appropriate thing, from my perspective, to do. If you have a clerk who's working for you, who's worked on a case, you can disclose. You don't have to sit or not disclose. You can recuse yourself or you can say, look, we acknowledge we've got this clerk. He worked on this case. He's taken no part of the decision of this case. He's been walled off from it. So that way the litigants know, the people out in the public know, everybody's on notice from the get-go that this case is on the level. And that's what should have been done here. And so that's why we're asking, I guess, for the ruling that we have. We certainly have that in the civil world. What's that? We have the Chinese wall in the civil world. I am so divorced from what goes on in the civil world, you can probably tell by my suit that that is not my milieu. Well, we have it. Well, I'm glad to hear it, and I wish we had more of it here. I'm all for wall. If Your Honor has no more questions. I do have one. Okay. Was there any indication or any thought or attempt to call Mr. Marshall in the proceeding on the PC? There was not because there was not a hearing. That would take place at a third-stage evidentiary hearing. Again, I was looking at this, trying to see this from Your Honor's perspective. I think it would be much more preferable to deal with this at this court level than to remand this back down and have a circuit court calling your clerks in and, you know, having a hearing about that. Not that that couldn't happen, but it hasn't happened yet, and it seems like the court has a duty to police itself, and this would be the tribunal to do that. So if you don't want to go back for a third-stage hearing, what relief would you want this court to? Your Honor, I'm not saying I don't want to go back. I'm saying I want to go back. What relief would you – if we followed the path that you just described, in other words, we state that there was an appearance of impropriety, what path would – what ultimate result would you want to see from this court? I think a vacatur of the – not the original, the second direct appeal, which is the subject of what we're talking about, and to reinstate the appeal, whether Your Honors have more briefing or – Reinstate the second appeal. Correct. Well, you reinstated the first one. We won that one, but I think those issues have been litigated. So you just want us to unwind what happened at the second appeal? Yes, Your Honor. Okay. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. There are no further arguments for the appellate court. We're adjourned.